IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,459-01






EX PARTE DERLAND O'NEAL SANFORD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 09-4-8080 IN THE 24TH DISTRICT COURT


FROM JACKSON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated sexual
assault of a child, and originally received ten years' deferred adjudication community supervision. 
His guilt was later adjudicated, and he was sentenced to twenty-five years' imprisonment. The
Thirteenth Court of Appeals affirmed his conviction. Sanford v. State, No. 13-10-569-CR (Tex.
App. - Corpus Christi, August 18, 2011, no pet.).

 Applicant contends, inter alia, that his counsel at adjudication rendered ineffective
assistance because counsel gave him erroneous advice regarding the consequences of a finding that
Applicant had violated any condition of his community supervision, causing Applicant to decline
a ten-year plea offer from the State. Applicant also alleges that counsel failed to invoke "the rule"
during the adjudication hearing, allowing the State's witnesses to tailor their testimony. Applicant
alleges that counsel failed to investigate the facts of the underlying offense and present mitigating
evidence or testimony from the complainant in the underlying case and her family members. 
Applicant also alleges that the State improperly withheld material, exculpatory evidence of a cell
phone recording in violation of Brady v. Maryland, 373 U.S. 83 (1963).

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order adjudication counsel to respond to Applicant's claims of ineffective assistance of counsel. 
Specifically, adjudication counsel shall state whether she advised Applicant that the State did not
have sufficient evidence to show that he had committed a new offense, or that even if the
adjudicating court found that Applicant had committed a "technical violation," Applicant would
receive at most "county time" for the violation. Adjudication counsel shall also state why she elected
not to invoke "the rule." Counsel shall state whether she investigated or interviewed potential
witnesses for mitigation of punishment, and if not, why not. The trial court may use any means set
out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on
its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's adjudication counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make findings of fact and conclusions
of law as to whether the State improperly withheld material, exculpatory evidence in this case. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.

Filed: November 14, 2012

Do not publish